United States District Court
Middle District of Florida
Orlando Division

**JOSEPH R. SUSTACHE,**

 *Plaintiff,*

v.                   **NO. 6:23-cv-2429-PDB**

**COMMISSIONER OF SOCIAL SECURITY,**

 *Defendant.*

# Order

  The Court reversed the decision of the Commissioner of Social Security denying Joseph Sustache's application for benefits and, under sentence four of 42 U.S.C. § 405(g), remanded for further proceedings. Docs. 19, 20. He now requests, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, an award of $5,887.46 as an attorney's fee. Doc. 22. The Commissioner has no opposition. *Id.* at 4–5.

  In ruling on an EAJA request, a court must decide if the requesting party is eligible and the requested attorney's fee and costs are reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A party is eligible if (1) he prevailed in a case against the United States, (2) he timely requested a fee, (3) his net worth did not exceed $2 million when he filed the case, (4) the United States' position was not substantially justified, and (5) no special circumstance would make the award unjust. *Id.* at 158; 28 U.S.C. § 2412(d)(1) & (2).

The first three conditions are satisfied here. *See* Docs. 19, 22, 22-4 ¶ 2. As to the fourth condition, Sustache contends the Commissioner's position was not substantially justified, Doc. 22 at 2, and the Commissioner has not tried to satisfy his burden of showing otherwise. As to the fifth condition, no equitable consideration is apparent or presented that would make an EAJA award unjust.

For the attorney's fee, the applicant must show the requested rates and claimed hours are reasonable. *Blum v. Stenson*, 465 U.S. 886, 897 (1984); *accord Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299, 1303 (11th Cir. 1988). A fee award under the EAJA "shall be based upon prevailing market rates for the kind and quality of the services furnished," but it must not exceed $125 an hour "unless the court determines that an increase in the cost of living [since 1996, the date of the last amendment to the amount,] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

"The EAJA … establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). "The first step … is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (internal quotation marks omitted). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Id.* at 1033–34.

Here, the fee request is based on 23.57 hours of work in 2023 and 2024 by Sustache's lawyer, Bradley Boyd.* Doc. 22 at 1; Doc. 22-1. For work completed in 2023, Sustache requests an hourly rate of $243.00. Doc. 22-1. For work completed in 2024, he requests an hourly rate of $250.00. Doc. 22-1.

The requested rate and claimed hours are reasonable. Based on the Court's own knowledge and familiarity with the lawyer, the rates are within the prevailing market rates for services provided by lawyers of reasonably comparable skills, experience, and reputation as Boyd. The increase in the cost of living from 1996 to the time Boyd worked on the case justifies an upward adjustment from $125. *See* U.S. Dep't of Labor, Bureau of Labor Statistics, https://www.bls.gov/data/inflation_calculator.htm (last visited August 5, 2024). None of the work appears clerical, secretarial, unnecessary, or otherwise excludable. *See* Doc. 22-1.

The Court leaves to the Commissioner's discretion whether to accept Sustache's assignment of the EAJA fee, *see* Doc. 22 at 2; Doc. 22-4 at 1–2, after determining whether Sustache owes a federal debt.

The Court **grants** the motion, Doc. 22; **awards** Sustache $5,887.46 as an attorney's fee; and **directs** the clerk to enter judgment in favor of Joseph

---

*Boyd represents he "[r]eviewed order approving motion for extension of time and the motion for leave to file excess pages. The order grants the extension to 3/25/24, however that is the original due date. Will have paralegal call clerk of court" and he "[r]eviewed corrected order extending the time to file brief and excess pages" for a total of .2 hours. Doc. 22-1. These time entries refer to the Court's order at Doc. 15 that originally established a March 25, 2024, deadline to file the plaintiff's brief and was corrected to reflect an April 8, 2024, deadline.

R. Sustache and against the Commissioner of Social Security for $5,887.46 as an attorney's fee.

**Ordered** in Jacksonville, Florida, on August 5, 2024.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*